**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MADONNA L. DEVLING, SB #163419
 E-Mail: devling@lbbslaw.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. (erroneously named as WESTIN HOTELS & RESORTS and STARWOOD HOTELS & RESORTS)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KANDACE SUMMERS,<br><br>Plaintiff,<br><br>vs.<br><br>WESTIN HOTELS & RESORTS, STARWOOD HOTELS & RESORTS and DOES 1 to 25,<br><br>Defendant. | CASE NO. CV 11-10608 GAF (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on June 21, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraph 4 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or

1  thing, in whole or in part, under seal.  Accordingly, reference to this Protective
2  Order or to the parties' designation of any information, document, or thing as
3  confidential, or other designation(s) used by the parties, is wholly insufficient to
4  warrant a filing under seal.

5        There is a strong presumption that the public has a right of access to judicial
6  proceedings and records in civil cases.  In connection with non-dispositive motions,
7  good cause must be shown to support a filing under seal.  The parties' mere
8  designation of any information, document, or thing as confidential, or other
9  designation(s) used by parties, does not -- **without the submission of competent**
10 **evidence, in the form of a declaration or declarations, establishing that the**
11 **material sought to be filed under seal qualifies as confidential, privileged, or**
12 **otherwise protectable** -- constitute good cause.

13       Further, if sealing is requested in connection with a dispositive motion or
14 trial, then compelling reasons, as opposed to good cause, for the sealing must be
15 shown, and the relief sought shall be narrowly tailored to serve the specific interest
16 to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th
17 Cir. 2010).  For each item or type of information, document, or thing sought to be
18 filed or introduced under seal in connection with a dispositive motion or trial, the
19 party seeking protection must articulate compelling reasons, supported by specific
20 facts and legal justification, for the requested sealing order.  **Again, competent**
21 **evidence supporting the application to file documents under seal must be**
22 **provided by declaration.**

23       Any document that is not confidential, privileged, or otherwise protectable in
24 its entirety will not be filed under seal if the confidential portions can be redacted.
25 If documents can be redacted, then a redacted version for public viewing, omitting
26 only the confidential, privileged, or otherwise protectable portions of the document,
27 shall be filed. Any application that seeks to file documents under seal in their
28 entirety should include an explanation of why redaction is not feasible.

1    Notwithstanding any other provision of this Protective Order, in the event that
2 this case proceeds to trial, all information, documents, and things discussed or
3 introduced into evidence at trial will become public and available to all members of
4 the public, including the press, unless sufficient cause is shown in advance of trial to
5 proceed otherwise.
6    **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**
7 **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**
8 **HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE,**
9 **INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND**
10 **FILINGS UNDER SEAL.**
11
12              **TERMS OF PROTECTIVE ORDER**
13    1.   The protected internal documents, licensing agreements, and contracts
14 between defendants STARWOOD HOTELS & RESORTS WORLDWIDE, INC.
15 (hereinafter "STARWOOD"), and any other party are not to be copied, shown,
16 disseminated, or in any way distributed to anyone other than plaintiff KANDACE
17 SUMMERS (hereinafter "SUMMERS"), her counsel, witnesses, expert consultants,
18 and expert witnesses for the sole purpose of preparation for, and use in, deposition,
19 trial, or any other proceeding in this action, if deemed admissible.
20    2.   To the extent that there is a need for the parties, their witnesses, expert
21 consultants, and expert witnesses to review the protected documents produced in
22 connection with this Protective Order, copies of the documents may be made.
23 However, any individual who reviews such copies must be shown a copy of this
24 Protective Order and sign an acknowledgment form stating that he or she agrees to
25 comply with the terms of the Protective Order.
26    3.   SUMMERS, her counsel, and their experts and consultants are
27 specifically instructed not to disseminate, share, inform, or in any way reveal the
28 contents of the protected documents produced to any competitors of STARWOOD.

4.     Aside from the circumstances referenced in paragraph 1, *supra*, if any party wishes to disclose information or materials designated under this Protective Order as confidential, it must first identify the documents and notify all parties of its objection to the confidential designation.  The parties shall attempt to resolve any objections informally, and approval by the designating party shall not be unreasonably withheld.  If the objections cannot be resolved, the party seeking to disclose the material or information may move for a court order permitting disclosure of the confidential information and/or materials. In the event that such motion is made, the moving party shall bear the burden of proving that there is good cause for the disclosure**, and the designating party shall bear the burden of persuasion that the confidentiality designation, if challenged, is appropriate.** Disclosure of the information and/or material at issue will not be made until the motion is granted by the court.

5.     At the conclusion of this matter all protected materials produced, including any copies, as well as any acknowledgment forms signed by any individual agreeing to be bound by the terms of this Protective Order, must be returned to STARWOOD through its counsel of record.

**IT IS SO ORDERED.**

DATED:  July 10, 2012

*Margaret A. Nagle*

---
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE